UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DORA BROWN,

                    Plaintiff,

           -against-

HP INC.; TWITTER,

                 Defendants.

19-CV-6331 (CM)

ORDER OF DISMISSAL

COLLEEN McMAHON, Chief United States District Judge:

    Plaintiff, appearing *pro se*, brings this action against HP Inc. and Twitter. By order dated October 15, 2019, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* (IFP). For the reasons set forth below, the Court dismisses the complaint without prejudice for lack of subject matter jurisdiction, but grants Plaintiff 30 days' leave to file an amended complaint to address the deficiencies identified below.

**STANDARD OF REVIEW**

    The court must dismiss an *in forma pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The court must also dismiss a complaint if the court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

    While the law mandates dismissal on any of these grounds, the court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits –

to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court has held that under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

A.     **Subject Matter Jurisdiction**

Plaintiff uses the Court's general complaint form and checks the box indicating that the basis for jurisdiction is diversity of citizenship. The complaint concerns Plaintiff's belief that HP Inc., her printing service provider, has flaws in its system that are "causing great damage to [her] communication." (ECF No. 2 at 6.)[1] She alleges that when she goes to her personal Twitter site, she sees all of her printing appearing on her Twitter page. (*Id.* at 5.) Plaintiff asserts that the "stress and insecurity and lack of control of [her] privacy that [she] is paying for has caused her

---

[1] Page numbers refer to those generated by the Court's electronic filing system.

asthma and sarcoidosis to flare up constantly necessitating the constant use of [her] nebulizer and naproxen for pain." (*Id.* at 6.) Plaintiff seeks unspecified monetary compensation.

## DISCUSSION

The subject matter jurisdiction of the federal district courts is limited and is set forth generally in 28 U.S.C. §§ 1331 and 1332. Under these statutes, federal jurisdiction is available only when a "federal question" is presented or when plaintiff and defendant are citizens of different states and the amount in controversy exceeds the sum or value of $75,000. "'[I]t is common ground that in our federal system of limited jurisdiction any party or the court *sua sponte*, at any stage of the proceedings, may raise the question of whether the court has subject matter jurisdiction.'" *United Food & Commercial Workers Union, Local 919, AFL-CIO v. CenterMark Prop. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994) (quoting *Manway Constr. Co., Inc. v. Hous. Auth. of the City of Hartford*, 711 F.2d 501, 503 (2d Cir. 1983)); *see* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative . . . .").

### 1. Federal Question

Plaintiff fails to state a federal claim. To invoke federal question jurisdiction, a plaintiff's claims must arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A case arises under federal law if the complaint "establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Bay Shore Union Free Sch. Dist. v. Kain*, 485 F.3d 730, 734-35 (2d Cir. 2007) (quoting *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 690 (2006)). Mere invocation of federal jurisdiction, without any facts demonstrating a claim under

federal law, does not create federal subject matter jurisdiction. *See Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1188-89 (2d Cir. 1996). Plaintiff fails to plead facts showing that her claim arises under federal law. There is, therefore, no basis for federal question jurisdiction.

## 2. Diversity of Citizenship

Plaintiff also does not allege facts demonstrating that the Court has diversity jurisdiction over any state law claims she brings in this action.

To establish jurisdiction under 28 U.S.C. § 1332, a plaintiff must first allege that he and the defendant are citizens of different states. *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998). An individual is a citizen of the State where he is domiciled, which is defined as the place where a person "has his true fixed home . . . . and to which, whenever he is absent, he has the intention of returning." *Palazzo ex rel. Delmage v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000). "A corporation is a citizen "of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1); *see also Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010) (a corporation's principal place of business is its "nerve center," usually its main headquarters). In addition, the plaintiff must allege to a "reasonable probability" that the claim is in excess of the sum or value of $75,000.00, the statutory jurisdictional amount. *See* 28 U.S.C. § 1332(a); *Colavito v. N.Y. Organ Donor Network, Inc.*, 438 F.3d 214, 221 (2d Cir. 2006) (citation and internal quotation marks omitted).

Plaintiff fails to meet her burden of showing that this Court has diversity jurisdiction over her claims. Plaintiff alleges that she resides in the State of New York, and that HP Inc. and Twitter are located in California. This information is insufficient to demonstrate that there is diversity of citizenship between Plaintiff and Defendants. To the extent that Defendants are corporations, Plaintiff would have to plead both where they are incorporated and where they

have their principal places of business; for complete diversity to exist, no Defendant could be incorporated in or have its principal place of business in New York.

There is a second component to diversity jurisdiction – the amount in controversy requirement would also have to be satisfied. The Court can dismiss a complaint for failing to plead that the amount in controversy exceeds $75,000, but only if there is "a legal certainty from the complaint that plaintiff cannot recover sufficient damages to invoke federal jurisdiction." *Zacharia v. Harbor Island Spa, Inc.*, 684 F.2d 199, 202 (2d Cir. 1982); *Ochoa v. Interbrew America, Inc.*, 999 F.2d 626, 628-29 (2d Cir. 1993) ("[I]n determining whether a challenged jurisdictional amount has been met, district courts are permitted only to assess the allegations in a complaint and not the validity of any asserted defenses.").

Plaintiff does not allege any facts in the complaint suggesting that she is legally entitled to damages amounting to $75,000.00 or more. She does not assign any value to the damage caused by Defendants' alleged actions. On the face of the pleadings, then, Plaintiff has not pleaded facts that would, if true, enable her to recover $75,000 or more. *Ochoa*, 999 F.2d at 629. For this reason, the complaint must be dismissed.

But district courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects unless it would be futile to do so. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). The Court will therefore give Plaintiff one more opportunity to allege sufficient facts to establish that diversity jurisdiction exists.

In order to satisfy her burden, Plaintiff must (1) allege the place of incorporation and the principal place of business of each corporate defendant, (2) allege facts from which the citizenship of any non-corporate defendant can be ascertained; and (3) allege facts from which a

trier of fact could conclude that she is owed $75,000 or more as a result of Defendants' actions. If Plaintiff is unable to meet this burden in an amended complaint, the Court will enter a civil judgment dismissing this action for lack of subject matter jurisdiction, *see* Fed. R. Civ. P. 12(h)(3), without prejudice to Plaintiff's bringing her claims in an appropriate state court.

## LITIGATION HISTORY AND WARNING

In a matter of weeks, Plaintiff has filed eight cases in this Court, including this action. *See Brown v. Microsoft Corp.*, ECF 1:19-CV-6649, 9 (S.D.N.Y. Sept. 30, 2019) (dismissed for lack of subject matter jurisdiction); *Brown v. Etemao*, ECF 1:19-CV-6286, 5 (S.D.N.Y. Aug. 5, 2019) (dismissed for lack of subject matter jurisdiction); *Brown v. Rosen*, ECF 1:19-CV-6786, 2 (S.D.N.Y. filed July 22, 2019); *Brown v. Apple Corp.*, ECF 1:19-CV-6648, 2 (S.D.N.Y. filed July 16, 2019); *Brown v. CUCS*, ECF 1:19-CV-6330, 2 (S.D.N.Y. filed July 8, 2019); *Brown v. Fios*, ECF 1:19-CV-6329, 2 (S.D.N.Y. filed June 27, 2019); *Brown v. Automattic*, ECF 1:19-CV-6328, 2 (S.D.N.Y. filed July 8, 2019).

On August 9, 2019, Plaintiff was warned that further vexatious or frivolous litigation in this Court will result in an order barring her from filing any new actions IFP without prior permission. *See Brown*, ECF 1:19-CV-6649, 5; *see also* 28 U.S.C. § 1651. Plaintiff filed this action before that warning was issued. The Court now reiterates that warning. On September 20, 2019, Plaintiff was further warned that if she is unable to plead facts establishing diversity, the Court will issue an order directing Plaintiff to show cause why she should not be required to obtain permission from the Court before filing any new action. *See Brown*, ECF 1:19-CV-6328, 5.

**CONCLUSION**

The Clerk of Court is directed to assign this matter to my docket and note service on the docket. Plaintiff has consented to electronic service. The Clerk of Court is further instructed to hold this matter open on the docket until a civil judgment is entered.

Plaintiff's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed without prejudice for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). All other pending matters are terminated.

Plaintiff is granted 30 days' leave to file an amended complaint to establish that diversity jurisdiction exists.

Plaintiff is warned that further vexatious or frivolous litigation in this Court will result in an order barring her from filing any new actions IFP without prior permission.

The Clerk of Court is directed to docket this as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   October 25, 2019
         New York, New York

_____
         COLLEEN McMAHON
         Chief United States District Judge

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.



-against-



_____

_____

_____

_____

Write the full name of each defendant. If you need more space, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section II.

_____CV_____

(Include case number if one has been assigned)

## AMENDED

## COMPLAINT

Do you want a jury trial?
☐ Yes    ☐ No

---

### NOTICE

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

## I.  BASIS FOR JURISDICTION

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation, and the amount in controversy is more than $75,000, is a diversity case. In a diversity case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal-court jurisdiction in your case?

☐  **Federal Question**

☐  **Diversity of Citizenship**

### A.  If you checked Federal Question

Which of your federal constitutional or federal statutory rights have been violated?

_____

_____

_____

_____

### B.  If you checked Diversity of Citizenship

#### 1.  Citizenship of the parties

Of what State is each party a citizen?

The plaintiff , _____ , is a citizen of the State of
    (Plaintiff's name)

_____
(State in which the person resides and intends to remain.)

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____ .

If more than one plaintiff is named in the complaint, attach additional pages providing information for each additional plaintiff.

If the defendant is an individual:

The defendant, _____, is a citizen of the State of
                (Defendant's name)

_____

or, if not lawfully admitted for permanent residence in the United States, a citizen or
subject of the foreign state of

_____.

If the defendant is a corporation:

The defendant, _____, is incorporated under the laws of

the State of _____

and has its principal place of business in the State of _____

or is incorporated under the laws of (foreign state) _____

and has its principal place of business in _____.

If more than one defendant is named in the complaint, attach additional pages providing
information for each additional defendant.

## II.  PARTIES

### A.  Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional
pages if needed.

| First Name | Middle Initial | Last Name |
|---|---|---|

Street Address

| County, City | State | Zip Code |
|---|---|---|

| Telephone Number | Email Address (if available) |
|---|---|

## B.  Defendant Information

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. Attach additional pages if needed.

Defendant 1: _____

First Name                          Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                          State                    Zip Code

Defendant 2: _____

First Name                          Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                          State                    Zip Code

Defendant 3: _____

First Name                          Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                          State                    Zip Code

Defendant 4: _____

                First Name              Last Name

_____

                Current Job Title (or other identifying information)

_____

                Current Work Address (or other address where defendant may be served)

_____

                County, City           State           Zip Code

## III. STATEMENT OF CLAIM

Place(s) of occurrence: _____

Date(s) of occurrence: _____

### FACTS:

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and what each defendant personally did or failed to do that harmed you. Attach additional pages if needed.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

## IV. RELIEF

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

## V. PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| Dated | Plaintiff's Signature |
| --- | --- |

| First Name | Middle Initial | Last Name |
| --- | --- | --- |

| Street Address |
| --- |

| County, City | State | Zip Code |
| --- | --- | --- |

| Telephone Number | Email Address (if available) |
| --- | --- |

I have read the Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☐ Yes    ☐ No

If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.